In the

# United States Court of Appeals
### For the Seventh Circuit

December 1, 2015

**Before**


DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*


Nos. 13-2078 & 13-2982

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TERRANCE DANIELS and DAVEED DEAN,

*Defendants-Appellants.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 CR 446 — **Samuel Der-Yeghiayan**, *Judge*.

_____

O R D E R

On October 14, 2015, defendants-appellants filed a petition for rehearing and for rehearing *en banc*, and on November 6, 2015, plaintiff-appellee filed an answer to the petition. A vote of the active members of the court on whether to grant rehearing *en banc* was requested and a majority of the judges have voted to deny the petition.[1]

The petition is therefore DENIED.

_____

[1] Judge Posner, Judge Rovner, and Judge Williams voted to grant the petition for rehearing *en banc*.

WILLIAMS, *Circuit Judge*, with whom POSNER and ROVNER, *Circuit Judges* join, dissenting from denial of rehearing en banc. "One of the most basic of the rights guaranteed by the Confrontation Clause [of the Sixth Amendment] is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970). A defendant can lose that right by being disruptive—but only if he is *very* disruptive.

In *Allen*, the defendant badgered prospective jurors, tore up defense counsel's files and threw them on the courtroom floor, explicitly said that his actions were designed to prevent trial, and (most outrageously) threatened to kill the judge. *Id.* at 339–40. Finding that he lost his right to attend trial, the Court held that while "courts must indulge every reasonable presumption against the loss of constitutional rights," a defendant can be excluded "if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id*. at 343. In my view, the panel opinion distorts this standard and inverts the presumption, eviscerating an important constitutional right.

Daniels sat silently at 10 of the 13 pretrial hearings he attended; this is not mentioned by the panel. More importantly, he did not *continue* any *disruptive* behavior, much less behavior that was *so* disruptive that trial could not go on in his presence. Instead, he annoyed the judge by: filing numerous documents on his own, despite being represented by a lawyer; taking frivolous legal positions characteristic of so-called "sovereign citizens"; and giving long, unintelligible answers

to questions that the judge asked him directly. He was disruptive one time, by yelling, "Are you denying me my right to speak?" at the end of a pretrial hearing. The district judge seized the opportunity and decided to exclude Daniels unless he affirmatively promised not to be disruptive at trial.

So the worst thing Daniels did was yell at the end of a pretrial hearing. If that justifies his exclusion then *Allen*'s directive to "indulge every reasonable presumption against the loss of constitutional rights" is meaningless. *See United States v. Ward*, 598 F.3d 1054, 1058 (8th Cir. 2010) (holding it is an abuse of discretion to exclude a defendant where his disruptive behavior consists of talking too loudly in the courtroom during trial); *Tatum v. United States*, 703 A.2d 1218, 1223–24 (D.C. 1997) (vacating conviction where defendant was excluded based on laughing and nodding his head in response to witnesses' answers and clarifying a witness's answer for the court reporter); *see also Jones v. Murphy*, 694 F.3d 225, 238 (2d Cir. 2012) (noting that the defendant "insisted on speaking personally with the court despite being represented by counsel and [] persisted in arguing with the court about its rulings—behavior that, while contentious and improper, would not in itself warrant the extreme response of involuntary exclusion").

Aside from the single incident of yelling at a pretrial conference, the conduct mentioned by the panel is entirely irrelevant. By filing numerous documents, advancing silly legal theories, and giving unintelligible answers to the judge's questions, Daniels no doubt annoyed the judge more than the typical criminal defendant. But none of that provides any basis for finding that *trial* could not be carried on in his presence. Importantly, all of Daniels's conduct took place in *pre-*

*trial* hearings and much of it resulted from the judge's own decision to ask questions of Daniels directly, even though he had a lawyer. Of particular note, the panel erred by relying on Daniels's refusal to promise that he would not be disruptive. *Allen* requires courts to indulge every reasonable presumption *against* the loss of constitutional rights. 397 U.S. at 343. The presumption is turned on its head if a judge, annoyed and sensing potential trouble, can bar a defendant from trial unless he affirmatively promises (in a manner that convinces the judge) that he will behave.

Excluding a defendant from his own criminal trial is "[d]eplorable." *Allen*, 397 U.S. at 347. Because the panel opinion makes it too easy to do so, we should have reheard this case en banc and corrected the error. I respectfully dissent from our failure to do so.